82c 621
142 150

IN the Matter of the Laying out, Opening and Extending LIVINGSTON STREET, IN THE VILLAGE OF RHINEBECK.

The section of the charter of the village of Rhinebeck (§ 25, chap. 360, Laws of 1867) in reference to laying out streets, etc., and assessing the expenses thereof is not violative of the constitutional provision of the State (art. 8, § 9) requiring the legislature to restrict the power of taxation and assessment of municipal corporations.

The power given in said section to apply to the court for the appointment of a second set of commissioners without notice to the property-owners

is not at variance with the constitutional provision (art. 6, § 1) declaring that no person shall be deprived of property without due process of law.

The fact that said section gives power to the trustees to confirm or annul the report of commissioners and makes their decision final and conclusive is not fatal to the section or to proceedings under it; the legislature had authority to grant the power.

The trustees of the village have power to proceed under said section without the certificate of freeholders, such as is required by commissioners of highways of towns. The provisions of the charter are paramount to those of the statute governing the action of such commissioners.

The provisions of the charter were amended in 1870 (chap. 323, Laws of 1870) so as to require the application of six freeholders before the trustees could take action to open a new street. The amendatory act was repealed in 1879 (chap. 452, Laws of 1879). *Held*, that the original provisions were thereby restored and came again into force.

Where proceedings were taken under said section of the charter to open a street and commissioners were appointed to assess damages for the land taken, *held*, that the proceedings were not affected by a subsequent act amending the village charter. (chap. 324, Laws of 1880) making the power of the trustees to institute such proceedings dependent upon the petition of twelve freeholders.

(Argued October 5, 1880 ; decided October 15, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term appointing commissioners to assess damages for lands taken in laying out, opening and extending Livingston street, in the village of Rhinebeck.

The owner of the lands proposed to be taken for the improvement opposed the application for the appointment of commissioners, on the following grounds :

1. That section 25 of the village charter is at variance with article 8, section 9 of the Constitution. *Held*, that this point is forestalled and answered in the opinion of JOHNSON, Ch. J. (*Bank of Rome* v. *City of Rome*, 18 N. Y. 38.)

2. That the power given by that section of the charter, to apply to court for the appointment of a second set of commissioners without notice to the property-owner, is at variance with article 6, section 1 of the Constitution. *Held*, that this was forestalled and answered in the opinion of FINCH, J., in the case of *The Trustees of Middletown* (*ante*, p. 196).

3. That the trustees had no power to proceed without the

certificate of freeholders, as is needed by commissioners of highways of towns, is not tenable. *Held*, that the trustees are commissioners of highways for the village, with all the powers of those town officers, but subject to the provisions of the charter (§ 22), and the provisions of section 25 are paramount to the provisions of the statutes as to the actions of town commissioners of highways.

4. That sections 24 and 25 of the charter were amended by chapter 323, Laws of 1870, so as to require the application of six freeholders before the trustees could take action to open a new street. *Held*, that the amendatory act continued in force so much of those sections as were retained by it, and by implication repealed the rest of them; and so long as that act remained it was the rule of action of the trustees in such a matter; but as in 1879 the act of 1870 was expressly repealed (Laws of 1879, chap. 452, p. 502), thereupon the sections 24, 25, as they are in the charter, came into force again and gave the rule for the trustees. (*Ely* v. *Holton*, 15 N. Y. 595; *Gale* v. *Mead*, 4 Hill, 109; *Hastings* v. *Aiken*, 1 Gray, 163.)

5. Section 25 of the charter gives the power to the trustees, on the coming in of the report of the commissioners, to give notice for objections to be made to it. If none are made, the trustees may, in their discretion, confirm or annul the report, and their decision is final and conclusive. If any objection is made the objector shall be heard by the trustees, and then the latter may, in their discretion, confirm or annul the report, and the decision of the trustees to confirm shall be final and conclusive. It was claimed that this makes a party the judge in his own case. *Held*, that the provision was not fatal to those sections of the charter or to these proceedings. The court say: "We discussed this topic in *In re Ryers* (72 N. Y. 1. See, also, *In re Dodge & Stev. Manuf. Co.*, 77 id. 101). For the reasons there stated (p. 13), and upon the authority of the conclusions there pronounced, we hold that those sections are within the legislative power."

6. A further point was made, that by the legislation of the session of 1880, the power of the trustees now to make the improvement is dependent "upon the petition of twelve freeholders," etc. (Laws of 1880, chap. 324, § 24, p. 469.) *Held*, that

it was not necessary to determine that in this case; that the question at this time was as to the law as it was when the order appealed from was made at Special Term. If there was no error in making it under the law as it was when it was made, the court cannot reverse it.

*W. S. Hevenor* for appellant.

*H. M. Taylor* for respondent.

FOLGER, Ch. J., reads for affirmance of order.
All concur.
Order affirmed.